UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| BOBBY JOE HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 21-064-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| ROCKCASTLE COUNTY SHERIFF'S | ) | **MEMORANDUM OPINION** |
| DEPARTMENT, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

*** *** *** ***

Plaintiff Bobby Joe Hensley is pretrial detainee currently confined at the Rockcastle County Detention Center located in Mt. Vernon, Kentucky. Proceeding without an attorney, Hensley has filed a civil action [R. 1] and a motion for leave to proceed *in forma pauperis*. [R. 2] The Court has reviewed Hensley's fee motion and supporting documentation and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Hensley has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

Because Hensley is a prisoner proceeding *in forma pauperis*, the Court must conduct a preliminary review of Hensley's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Hensley's factual allegations as true and liberally construes Hensley's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Hensley's complaint is evaluated under a more lenient standard because he is not

-1-

represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

While the allegations of Hensley's complaint are somewhat sparse, he alleges that, on March 23, 2021, an officer coming to arrest him "squalled" his or her tires in gravel like a "mad man." [R. 1]  Hensley claims that he feared for his life, so he ran and hid in a hole.  After the officer came to where he was hiding, he got out of the hole, and an officer hit him in the back of his head with a flashlight, knocking him down.  The officer then climbed on top of Hensley and cuffed his hands behind his back and hit him in the back.  As Hensley was getting to his feet, he claims that the officer grabbed him by the shirt and shoved him, causing his right leg to go into a two-foot hole, then hit him again with the flashlight.  He further alleges that a state trooper who searched him found nothing, but that, after they returned to the car, Sheriff Mays searched him and "mysteriously" found two little baggies containing a white substance.  As a result, Hensley seeks to bring claims for "violence" and planting meth on Hensley against Defendants the Rockcastle County Sheriff's Department and Deputy Sheriff Mays.  Hensley's complaint does not demand any relief.  [R. 1]

Hensley's complaint is deficient in several respects.  First, Hensley's complaint is not signed by him as required by Rule 11(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed...by a party personally if the party is unrepresented.").  Nor does Hensley make any demand for relief from the Court, thus his complaint does not meet the requirements for a pleading stating a claim for relief set forth in Federal Rule of Civil Procedure 8(a).  *See* Fed. R. Civ. P. 8(a) (a pleading stating a claim for relief must contain "(1) a short and plain statement of the grounds for the court's

jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought…").

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or

allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir.

2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali*

*v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant

asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us

to create, not correct, potential disparities in the legal system."). Hensley's failure to make any

demand for relief does not gives this Court license to create these allegations on his behalf. *Martin*

*v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to

conjure allegations on a litigant's behalf." ) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th

Cir. 2001)).

More critically, aside from these procedural deficiencies, Hensley's claims all clearly relate

to ongoing state criminal proceedings pending against him in the Rockcastle County Circuit and

District Courts. In September 2020, Hensley was indicted and charged in the Rockcastle County

Circuit Court with first degree trafficking in a controlled substance in violation of K.R.S. §

218A.1412 and being a persistent felony offender in the first degree in violation of K.R.S. §

532.080(3). *See Commonwealth v. Bobby J. Hensley*, No. 20-CR-00071 (Rockcastle Cir. Ct.

2020).[1] After Hensley failed to appear in that case, a bench warrant was issued for his arrest on

October 23, 2020, which was the warrant being served on March 23, 2021, the date of the arrest

---

[1]*See* https://kcoj.kycourts.net/CourtNet (last accessed on April 19, 2021). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

giving rise to Hensley's claims herein. *Id*. After Hensley's March 23, 2021 arrest, he was also charged with one count of fleeing or evading police in the second degree (on foot) in violation of K.R.S. § 520.100 and first degree possession of a controlled substance (methamphetamine) in violation of K.R.S. § 218A.1415. *Commonwealth v. Bobby Hensley*, No. 21-F-044 (Rockcastle Dist. Ct. 2021). A review of the Kentucky Court of Justice's online Court Records shows that these cases remain pending.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

The criminal charges against Hensley remain pending, and he has not suggested that the state court would not give full and fair consideration to his constitutional claims as part of a defense to the charges against him. Due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Hensley's complaint indicates the presence of any factor which "render[s] the state court

incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975). *Younger* abstention is therefore warranted and appropriate with respect to Hensley's claims. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    Hensley's motion to proceed in forma pauperis [R. 2] is **GRANTED**.    Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below.

      a.    The financial documentation filed by Hensley indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**.

      b.    The Clerk of the Court shall open an account in Hensley's name for receipt of the filing fee.  The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Hensley's name, (b) his inmate registration number, and (c) this case number.  The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Hensley is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

      c.    Each month Hensley's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00.  The

-6-

custodian shall continue such monthly payments until the entire $350.00 filing

fee is paid.  28 U.S.C. § 1915(b)(2).

2.      Hensley's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

3.      The Court will enter an appropriate judgment.

4.      This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 20th day of April, 2021.

Signed By:
_**William O. Bertelsman**_   WOB
**United States District Judge**